# EXHIBIT A

Mary Bunker et. al.

vs.

Equifax Information Services, LLC et. al.

ELECTRONICALLY FILED
2017 Jul 10 PM 1:16
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  2017-LM-002977

Division: 11

**SUMMONS**

To the above-named Defendant/Respondent:

> **Trans Union LLC**
> **RA:  THE PRENTICE-HALL CORPORATION SYSTEM, KANSAS, INC.**
> **2900 SW Wanamaker Drive, Suite 204**
> **Topeka, KS  66614**

You are hereby notified that a lawsuit commenced against you will be on this court's docket at 09:00 AM, on 08/21/2017, to be held at the following location:

> Wyandotte County District Court
> Wyandotte County District Court
> 710 N. 7th St.
> Kansas City, KS 66101

If you do not appear before this court or file an answer at such time, judgment by default will be taken against you for the relief demanded in the petition.

If you intend to appear at such time and dispute the petition, you must file an answer with the clerk of this court within 14 days thereafter.

If you are not represented by an attorney, the answer shall be signed by you.  The answer shall state the following:

(1) what the dispute is;
(2) any affirmative defenses you have to the claim; and
(3) your (or your attorney's) current address, phone number, fax phone number, and e-mail address.

You must also promptly send a copy of your answer to the plaintiff's attorney or the plaintiff, if the plaintiff has no attorney.



Clerk of the District Court
Electronically signed  on 07/10/2017 03:44:46 PM

**Documents to be served with the Summons:**
PLE: Petition Petition

ELECTRONICALLY FILED
2017 Jul 10 PM 1:16
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2017-LM-002977

**In the District Court of Wyandotte County, Kansas**
**Limited Actions Division**

MARY BUNKER AND CHRIS BUNKER,

          Plaintiffs,

vs.

TRANS UNION, LLC, EQUIFAX
INFORMATION SERVICES, LLC, ENHANCED
RECOVERY COMPANY LLC, ACCOUNT
RESOLUTION CORPORATION, OPTIMA
RECOVERY SERVICES, CENTRAL STATES
RECOVERY, INC., AND KANSAS
COUNSELORS INC.,

          Defendants.

Case Number:   2017-LM-002977

Division: 11

## PETITION

COME NOW Plaintiffs, by and through counsel, and for Plaintiffs' causes of action against Defendants state as follows:

1.      This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 *et seq.*

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

4.      Plaintiffs are residents of Kansas.

5.      Defendant Equifax Information Systems, LLC (Equifax) is a Delaware Limited Liability Company.

6.      At all times relevant hereto, Defendant Equifax was and is engaged in the business of credit reporting, all within Kansas.

7.     Defendant Trans Union LLC (Trans Union) is an Illinois corporation.

8.     At all times relevant hereto, Defendant Trans Union was and is engaged in the business of credit reporting, all within Kansas.

9.     Defendant Enhanced Recovery Company LLC is a Delaware corporation.

10.    At all times relevant hereto, Defendant Enhanced Recovery Company was and is engaged in the business of collecting consumer debts, all within Kansas.

11.    Defendant Account Resolution Corporation is a Missouri corporation.

12.    At all times relevant hereto, Defendant Account Resolution Corporation was and is engaged in the business of collecting consumer debts, all within Kansas.

13.    Defendant Optima Recovery Services is a Tennessee Limited Liability Company.

14.    At all times relevant hereto, Defendant Optima Recovery Services was and is engaged in the business of collecting consumer debts, all within Kansas.

15.    Defendant Central States Recovery, Inc. is a Kansas corporation.

16.    At all times relevant hereto, Central States Recovery, Inc. was and is engaged in the business of collecting consumer debts, all within Kansas.

17.    Defendant Kansas Counselor, Inc. is Kansas corporation.

18.    At all times relevant hereto, Kansas Counselors was and is engaged in the business of collecting consumer debts, all within Kansas

19.    On November 12, 2015, Plaintiffs filed a Chapter 13 Bankruptcy in the District of Kansas in case number 15-22384.

20.    On January 13, 2016, a Chapter 13 plan was confirmed by the Bankruptcy Court.

21.    As a result of the January 13, 2016 confirmation, the Plaintiffs, as debtors, and their creditors are currently bound by a confirmed Chapter 13 Bankruptcy Plan.

22.     The accounts listed in the schedules filed in case number 15-22384 were accounted for in the plan and the creditors were notified of their status.

23.     The plan allowed both for a stay of collection and prescribed certain treatment for various unsecured accounts.

24.     The filing of case number 15-22384 and the confirmation of the plan on January 14, 2016 changed the status of the accounts listed in the schedules filed in case number 15-22384.

25.     Thereafter, Defendants Equifax and Trans Union reported some of those accounts has having a $0 balance and included in bankruptcy while allowing other accounts in the bankruptcy as a status not in the bankruptcy and/or having a past due balance.

26.     Therefore, Defendants Equifax and Trans Union reported both the bankruptcy filing and the accurate reporting of some creditors, but allowing other debts of the same status to remain misreported in the remainder of the credit report.

27.     Defendants Equifax and Trans Union have no reasonable procedures to assure consistent and non-confusing reporting, as required by the FCRA.

28.     Defendants Equifax and Trans Union have notice of Plaintiffs's bankruptcy because the majority of the tradelines on Plaintiffs' credit report evidence an "included in bankruptcy" notation and Plaintiffs' bankruptcy is reported in the "public records" section of their credit reports. The Defendants Equifax and Trans Union are aware that this notation produces a uniform change to every tradeline reported on Plaintiffs' credit report, by virtue of the bankruptcy process.

29.     The change, specifically, is that no tradeline included in the bankruptcy can accurately be described as "in collections."

30.     Defendants Equifax and Trans Union have allowed certain tradelines to show as

"past due" and "in collections" *without also* referencing Plaintiffs' bankruptcy, creating a materially misleading impression that those tradelines are not included in Plaintiffs' bankruptcy and are, in fact, presently due and owing.

31.     Defendants Equifax and Trans Union' inaccurately reporting certain tradelines as "in collections" while simultaneously reporting the majority of tradelines as included in Plaintiffs' bankruptcy, evidences Defendant's failure to update tradelines to be consistent with each other, and to conform with readily available public records.

32.     Effectively then, Defendants Equifax and Trans Union are leaving outdated information on Plaintiffs' credit report, creating an internal inconsistency on Plaintiffs' credit report.

33.     Although many tradelines were properly updated, several were not—and the resulting credit report is confusing to whomever accesses the report.

34.     Defendants Equifax and Trans Union have therefore failed to accurately, consistently, and clearly report tradelines after notice of an occurrence wherein a uniform change to the entirety of Plaintiffs' credit report is expected.  Defendants Equifax and Trans Union' misreporting of inconsistent credit information and their failure to properly update tradelines to conform to readily available public records demonstrates that Defendants Equifax and Trans Union lack reasonable procedures to assure maximum possible accuracy of information contained in Plaintiffs's credit report.

35.     Given the fluidity of the Defendants Equifax and Trans Union's procedures of relying on the furnishers to unilaterally determine their status, these incorrect entries are subject to change.

36.     Thereafter, Defendants Equifax and Trans Union reported trade lines as past due

and misrepresented the status of the trade lines included in the bankruptcy despite being listed on the bankruptcy schedules.

37.     Defendants Equifax and Trans Union reported both the bankruptcy filing and the accurate reporting of the other creditors, but allowed these debts to remain misreported in the remainder of the credit report.

38.     Defendants Equifax and Trans Union have been reporting and reinserting derogatory and inaccurate statements and information relating to the Plaintiffs' credit histories to third parties ( "inaccurate information").

39.     Plaintiff's creditors and potential creditors have accessed Plaintiff's reports while the misreporting was on the credit report and were misinformed by Defendants Equifax and Trans Union about Plaintiffs' credit worthiness.

40.     The inaccurate information negatively reflects upon the Plaintiffs, Plaintiffs' credit repayment history, and Plaintiffs' financial responsibility as a debtor and  credit worthiness.

### Count I – Violations of the Fair Credit Reporting Act
(Defendants Equifax and Trans Union)

Comes now Plaintiffs and for Count I against the Defendants Equifax and Trans Union states and alleges to the Court as follows:

41.     Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

42.     At all times pertinent hereto, Equifax regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

43.     At all times pertinent hereto, Trans Union, LLC regularly engaged in whole or in part in the

practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

44.   At all times pertinent hereto, the Plaintiff Mary Bunker is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

45.   At all times pertinent hereto, the Plaintiff Mary Bunker is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

46.   At all times pertinent hereto, the Plaintiff Chris Bunker is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

47.   At all times pertinent hereto, the Plaintiff Chris Bunker is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

48.   At all times pertinent hereto, the above-mentioned credit reports were written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other purpose authorized under 15 U.S.C. 1681b.

49.   Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Equifax and Trans Union are liable to the Plaintiffs for willfully and negligently failing to comply with the requirements imposed on consumer reporting agencies of information pursuant to 15 U.S.C. §1681e(b) in assuring reasonable procedures to assure maximum possible accuracy to prevent such

reporting of inaccurate information in Plaintiff's reports.

50.     The conduct of Defendants Equifax and Trans Union were a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiffs for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiffs seeks judgment in Plaintiffs' favor and damages against the Defendants Equifax and Trans Union based on the following requested relief:

a.      Actual damages;

b.      Statutory damages;

c.      Punitive damages

d.      Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n and 1681o; and

e.      Such other and further relief as may be necessary, just and proper

### Count II – Violations of the Fair Debt Collection Practices Act
(Defendants Enhanced Recovery Company LLC, Account Resolution Corporation, Optima Recovery Services, Central States Recovery, and Kansas Counselor, Inc.)

COMES NOW Plaintiffs, and as for Count II against Defendants Enhanced Recovery Company LLC, Account Resolution Corporation, Optima Recovery Services, Central States Recovery, and Kansas Counselor, Inc. states and alleges as follows:

51.     Plaintiffs incorporate herein the preceding paragraphs as though fully set forth hereunder.

52.     This is an action for damages brought by individual consumers for Defendant Enhanced Recovery Company LLC, Account Resolution Corporation, Optima Recovery Services,

Central States Recovery, and Kansas Counselor, Inc. violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

53.     Plaintiffs are consumers as defined by 15 USC § 1692a(3) of the FDCPA.

54.     The principal purpose of Defendant Enhanced Recovery Company LLC is the collection of consumer debts using the mails and telephone, and it regularly attempts to collect debts alleged to be due another

55.     Defendant Enhanced Recovery Company LLC is a debt collector as defined by 15 USC § 1692a(3) who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or by taking of assignment of a debt already declared to be in default by the originating creditor.

56.     The Defendant Enhanced Recovery Company LLC was attempting to collect a consumer debt as defined by 15 USC § 1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

57.     The principal purpose of Defendant Account Resolution Corporation is the collection of consumer debts using the mails and telephone, and it regularly attempts to collect debts alleged to be due another.

58.     Defendant Account Resolution Corporation is a debt collector as defined by 15 USC § 1692a(3) who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts

to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or by taking of assignment of a debt already declared to be in default by the originating creditor.

59.    The Defendant Account Resolution Corporation was attempting to collect a consumer debt as defined by 15 USC § 1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

60.    The principal purpose of Defendant Optima Recovery Services is the collection of consumer debts using the mails and telephone, and Defendant Optima Recovery Services regularly attempts to collect debts alleged to be due another.

61.    Defendant Optima Recovery Services is a debt collector as defined by 15 USC § 1692a(3) who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or by taking of assignment of a debt already declared to be in default by the originating creditor.

62.    The Defendant Optima Recovery Services was attempting to collect a consumer debt as defined by 15 USC § 1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

63.    The principal purpose of Defendant Central States Recovery is the collection of consumer debts using the mails and telephone, and Defendant Central States Recovery regularly attempts to collect debts alleged to be due another.

64.    Defendant Central States Recovery is a debt collector as defined by 15 USC § 1692a(3) who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or by taking of assignment of a debt already declared to be in default by the originating creditor.

65.    The Defendant Central States Recovery was attempting to collect a consumer debt as defined by 15 USC § 1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

66.    The principal purpose of Defendant Kansas Counselors is the collection of consumer debts using the mails and telephone, and Defendant Kansas Counselor, Inc. regularly attempts to collect debts alleged to be due another.

67.    Defendant Kansas Counselors is a debt collector as defined by 15 USC § 1692a(3) who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or by taking of assignment of a debt already declared to be in default by the originating creditor.

68.    The Defendant Kansas Counselors was attempting to collect a consumer debt as defined by 15 USC § 1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

69.    The standard in determining whether the Defendant Enhanced Recovery Company LLC, Account Resolution Corporation, Optima Recovery Services, Central States Recovery, and Kansas Counselor, Inc. violated the FDCPA is the least sophisticated consumer standard. Claims should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression or abuse. *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237 (2nd Cir. 1998); *Swanson v. Southern Oregon Credit Service*, 869 F.2d 1222, 1225-27 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172 -75 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

70.    After the Chapter 13 plan was confirmed, Enhanced Recovery Company LLC, Account Resolution Corporation, Optima Recovery Services, Central States Recovery, and Kansas Counselor, Inc. reported a past balance due in an attempt to collect a debt for a creditor that was listed in Schedule F of the pleadings and was notified of the bankruptcy.

71.    At the time of the reporting, the account upon which Defendant Enhanced Recovery Company LLC, Account Resolution Corporation, Optima Recovery Services, Central States Recovery, and Kansas Counselor, Inc. was reporting was scheduled to not receive payment from the plan.

72.    At the time of the reporting, Plaintiffs were current in their Chapter 13 payments.

73.    Defendant Enhanced Recovery Company LLC, Account Resolution Corporation, Optima Recovery Services, Central States Recovery, and Kansas Counselor, Inc. took collection efforts which were prohibited by the bankruptcy.

74.    15 U.S.C. § 1692e entitled false or misleading representations states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

75.     Specifically, Defendants Enhanced Recovery Company LLC, Account Resolution Corporation, Optima Recovery Services, Central States Recovery, and Kansas Counselor, Inc. acts violated the following subsections (5) the threat to take any action that cannot legally be taken or that is not intended to be taken and (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

76.     The above-described acts are misleading to least sophisticated consumer Defendant Berlin Wheeler's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

77.     As a result of the above violations of the stated Act, the Defendant Enhanced Recovery Company LLC, Account Resolution Corporation, Optima Recovery Services, Central States Recovery, and Kansas Counselor, Inc. are liable to the Plaintiff for actual damages; statutory damages up to $ 1,000.00 pursuant to 15 U.S.C. § 1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant Enhanced Recovery Company LLC, Account Resolution Corporation, Optima Recovery Services, Central States Recovery, and Kansas Counselor, Inc. for actual damages; statutory damages pursuant to 15 U.S.C. § 1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and for such other and further relief as may be just and proper.

Respectfully submitted,
By: /s/ A.J. Stecklein
A.J. Stecklein #16330
Michael Rapp #25702
Stecklein & Rapp
748 Ann Avenue
Kansas City, KS 66101
Telephone:      (913) 371-0727
Facsimile:      (913) 371-0727
Email:  aj@kcconsumerlawyer.com
           mr@kcconsumerlawyer.com
Attorneys for Plaintiffs

CERTIFIED MAIL

**Stecklein & Rap**
748 Ann A
Kansas City, Kansas 66101

7015 0640 0006 6275 8526



Trans Union LLC
RA: Prentice-Hall Corporation System Kansas
2900 SW Wanamaker Drive, Suite 204
Topeka, Kansas 66614